THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CORONA FRUITS & VEGGIES, INC.

    Petitioner/Appellant,

      v.

CLASS PRODUCE GROUP, LLC

    Respondent/Appellee.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Civil Action No.: RDB-09-967

## MEMORANDUM OPINION

Petitioner Corona Fruits & Veggies, Inc. ("Corona") brought suit against Respondent Class Produce Group, LLC ("Class") seeking reparations under the Perishable Agricultural Commodities Act of 1930 ("PACA"), 7 U.S.C. § 499a *et seq*. Corona has appealed the ruling of the Secretary of the United States Department of Agriculture ("USDA") rendered in favor of Class in an administrative reparation proceeding.[1] Currently pending before this Court is Corona's Motion to Remand Case to State Court (Paper No. 20) and Class' Motion for Summary Judgment (Paper No. 25). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2009). For the reasons stated below, Petitioner's motion to remand is DENIED and Respondent's motion for summary judgment is GRANTED.

## BACKGROUND

Corona Fruits & Veggies, Inc. ("Corona") and Class Produce Group, LLC ("Class") are produce companies licensed under the Perishable Agricultural Commodities Act of 1930

---

[1] Under section 499g(c) of the Perishable Agricultural Commodities Act of 1930, the order and decision issued by the Secretary in an administrative reparation proceeding may be appealed to federal district court.

("PACA"), 7 U.S.C. § 499a *et seq*.[2] On June 1, 2007, Corona entered into a contract with Class' broker, J.J. & Son Marketing, Inc., for the sale of 3,360 flats of strawberries at the contract price of $24,076. Under this agreement, Corona was required to load a shipment of strawberries at its place of operations in Santa Maria, California, for shipment on a Free-On-Board ("FOP") basis to The Kroger Co. ("Kroger") in Roanoke, Virginia, and to Class, in Jessup, Maryland.

On June 2, 2007, the strawberries were shipped from the loading point in California. The product was wrapped in Tectrol pallet bags and cardboard was placed on the top and bottom of each pallet of strawberries. The bill of landing informed L&M Transportation Services, Inc., the carrier responsible for shipment, to keep the load of strawberries in an environment cooled to a temperature of 32 degrees Fahrenheit.

On June 4, 2007, Kroger rejected the strawberries upon arrival at the company's Roanoke Division. The load was then sent to Class' place of business in Jessup, Maryland, where it arrived on June 5, 2007—three and a half days after shipment. Upon arrival, a USDA inspection was performed on the strawberries while they remained on the truck. The report concluded that the strawberries had pulp temperatures of 40-42 Fahrenheit and that 24 percent of the strawberries were in a defective condition. Specifically, the inspection disclosed that 15 percent of the product was bruised, 8 percent was overripe, and 1 percent was decayed. After inspection, a representative of Class wrote "Reject" on the inspection certificate, a copy of which was faxed to Corona. Soon thereafter, Corona faxed the certificate back to Class with the handwritten note: "TOO-HOT YOU HAVE A TRUCK CLAIM." After Class' rejection the strawberries were delivered to Frank Leone/B.R.S. Produce in Philadelphia, Pennsylvania. B.R.S. Produce ultimately sold the strawberries for gross proceeds of $15,594. Class never paid for any of the

---

[2] The background facts are culled from the Secretary's Decision and Order of March 17, 2009, and from Petitioner's Counter-Statement of Disputed and Undisputed Facts. *See* Ex. 1 to Resp't Mot. Summ. J.; Ex. 1 to Pet.'s Opp'n to Mot. Summ. J.

strawberries at issue, nor did it ever receive any of the sale proceeds collected by B.R.S. Produce.

On August 1, 2007, L&M Transportation Services filed suit against Corona in the Superior Court of the State of California, County of Santa Barbara, Cook Division, for failure to pay the transportation costs for the delivery of strawberries. On August 13, 2007, Corona timely filed an informal complaint with the USDA seeking reparations of $24,676 for the rejected strawberries. On February 25, 2008, during the pendency of the suit before the Secretary, Corona filed a Cross-Complaint against Class in the state court case for failure to pay for the strawberries. On February 9, 2009, L&M Transportation Services dismissed its lawsuit against Corona.

On March 17, 2009, the Secretary issued a Decision and Order in which it determined that Class was not liable to Corona because Corona had failed to ship strawberries in suitable shipping condition. On April 16, 2009, Corona filed an appeal in this Court under 7 U.S.C. § 499g(c). The state court proceeding was stayed on June 8, 2009, pending a final ruling in the instant matter.

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving

party." *Id.* In considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249.

In undertaking this inquiry, a court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). After the moving party has established the absence of a genuine issue of material fact, the nonmoving party must present evidence in the record demonstrating an issue of fact to be resolved at trial. *Pension Ben. Guar. Corp. v. Beverley*, 404 F.3d 243, 246-47 (4th Cir. 2005) (citing *Pine Ridge Coal Co. v. Local 8377, UMW,* 187 F.3d 415, 422 (4th Cir. 1999)). Summary judgment will be granted if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The instant action is also governed by section 499g(c) of PACA, which provides that in an appeal of a reparation order:

> Such suit in the district court shall be a trial de novo and shall proceed in all respects like other civil suits for damages, except that the findings of fact and order or orders of the Secretary shall be prima-facie evidence of the facts therein stated . . . .

7 U.S.C. § 499g(c). Accordingly, in an appeal of the Secretary's adverse ruling, a petitioner must bear the initial burden of production at trial. *Lee Loi Industries, Inc. v. Impact Brokerage Corp.*, 473 F. Supp. 2d 566, 568 (S.D.N.Y. 2007) ("Generally, the party petitioning for an appeal has the burden of production of evidence that rebuts the findings of fact by the Secretary."). "It follows that a court must enter summary judgment against a nonmovant who will bear an initial burden of production at trial and who fails to make a showing sufficient to meet that burden."

*Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1032 (D.C. Cir. 1988). On the other hand, the movant in this context can satisfy its burden "by showing that there is an absence of evidence to rebut the *prima facie* case presented by the Secretary's order." *Id.* In sum, courts interpret section 499g(c) of PACA as "making the Secretary's findings conclusive unless effectively rebutted. Once rebutted, the Court is then able to reweigh the evidence, thus giving effect to the provision for *de novo* review." *Id.* at 1033.

## ANALYSIS

### I. Motion to Remand Case to State Court

On October 21, 2009, Corona filed a Motion to Remand Case to State Court (Paper No. 20). Corona contends that this Court should, pursuant to its inherent prudential authority and "the abstention doctrine,"[3] remand this matter so that it may be consolidated with the case currently pending before the Santa Barbara Superior Court. Alternatively, Corona argues that if remand is denied, this Court should adopt the discovery conducted and certain evidentiary sanctions that were imposed against Class in the state court case.[4]

This Court finds no basis or justification for the remedy sought in Corona's Motion for Remand. The present matter cannot be "remanded" to the Santa Barbara County Superior Court,

---

[3] Pursuant to the abstention doctrines, "federal courts may decline to exercise their jurisdiction, in otherwise exceptional circumstances, where denying a federal forum would clearly serve an important countervailing interest . . . [such as] considerations of proper constitutional adjudication, regard for federal-state relations, or wise judicial administration." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996) (internal citations and quotations omitted). An abstention doctrine provides "an extraordinary and narrow exception to the duty of the District Court to adjudicate a controversy properly before it." *Id.* (internal quotations omitted). The Fourth Circuit has recently emphasized that "the Supreme Court has *never* allowed abstention to be a license for free-from *ad hoc* judicial balancing of the totality of state and federal interests in a case. The Court has instead defined specific doctrines that apply in particular classes of cases." *Martin v. Stewart*, 499 F.3d 360, 364 (4th Cir. 2007) (emphasis in original). In this case, Corona has not specified any particular abstention doctrine, nor has it cited any applicable Supreme Court precedent.

[4] During the discovery process, the state court issued monetary and evidentiary sanctions against Class for its failure to respond to Corona's deposition requests.

because it did not originate in that court, and this Court is not authorized to order the state court to adjudicate its case. Additionally, there are no exceptional circumstances in this case that would cause this Court to decline to exercise its jurisdiction pursuant to any abstention doctrine. Finally, there is no convincing reason for this Court to adopt the discovery rulings issued in the separate state court action.

The instant matter is properly before this Court on appeal of the Secretary's administrative ruling. Pursuant to 7 U.S.C. § 499e(b), a party may seek redress under PACA either by pursuing a USDA administrative proceeding or by instituting a civil action in either state or federal court. Through its appeal of the Secretary's Decision and Order, Corona has elected to pursue redress against Class through the administrative channel, rather than through completion of the state court proceeding. Therefore, the Secretary's decision is *res judicata* as to the state court action. *See In re Ruma Fruit & Produce Co., Inc.*, 55 Agric. Dec. 642, 656 (1996).

Consequently, Corona's Motion to Remand Case to State Court (Paper No. 20) is DENIED.

### II.     Motion for Summary Judgment

In the reparation proceeding before the Secretary, the parties disputed the causes of the strawberries' defective condition. Corona argued that it satisfied its contractual obligations by ensuring that the strawberries were in suitable shipping condition at the time they were loaded for transportation. It maintained that the carrier must be held liable because temperature fluctuations during the product's transit resulted in the strawberries' defective condition. Class, on the other hand, contended that Corona was the responsible party because the strawberries were in a poor condition at the time they were loaded on the truck. It argued that many of the

strawberries were overripe prior to shipment or were otherwise damaged during harvesting and packing.

In its reparation decision of March 17, 2009, the Secretary noted that with respect to the issue of whether Class' rejection was warranted, Corona bore the burden of showing both that the strawberries were in a suitable shipping condition at the time they were loaded and that the transportation conditions were abnormal. *See* Ex. 1 to Resp't Mot. Summ. J. at 6. It was noted that strawberries are "an extremely perishable commodity that should be transported at or as near as possible to 32 degrees Fahrenheit." *Id.* at 9. The Secretary analyzed a series of temperature reports generated from two portable temperature recorders that were placed with the load of strawberries at both ends of the truck. The recorders reported that temperatures at the nose of the truck primarily ranged from 31 to 34 degrees, while the temperatures at the tail end generally ranged between 34 and 37 degrees. The data revealed that the truck's temperatures fluctuated during the transit period, and the Secretary noted that such fluctuations are normal due to certain environmental factors experienced during shipping. *Id.* at 12. The Secretary concluded that because the temperatures did not reach or exceed 37 degrees for any substantial period of time, the temperatures should not have adversely impacted the strawberries. *Id.* While the temperatures occasionally dipped to around the freezing point for strawberries of 30.6 degrees, the Secretary noted that because the product was wrapped in Tectrol bags and surrounded by cardboard, it was insulated from the direct effect of the cold temperatures. *Id.* at 13. The Secretary also found that the insulating effect of the Tectrol bags trapped in the natural respiratory heat of the strawberries, resulting in their elevated pulp temperatures. *Id.* at 14. Based on its thorough analysis of the temperature recordings, the Secretary concluded that

Corona "failed to sustain its burden to prove that the warranty of suitable shipping condition is void due to abnormal transit conditions." *Id.*

On April 16, 2009, Corona filed a Petition for Appeal of the Secretary's decision in this Court. (Paper No. 1.) Corona contends that Class' rejection of the product was wrongful, and that it is liable for the strawberries because they were loaded in a suitable shipping condition. In addition, Corona claims that Class arranged for the resale of the strawberries and failed to forward the resale proceeds it received. *See* Corrected Opinion (Paper No. 6).

On January 11, 2010, Class filed the pending motion for summary judgment in which it claims that because there is no issue of material fact in this case, the Secretary's decision should be affirmed and judgment should be entered in its favor. (Paper No. 25.) In support of its motion, Class relies upon the findings of fact in the Secretary's decision and the declaration and report of its expert, Dr. Patrick E. Brecht. *See* Ex 1(A) to Resp't Mot. Summ. J. In opposing Class' dispositive motion, Corona claims that there is a genuine issue of material fact as to whether the strawberries were in a suitable condition at the time they were loaded for transportation.[5] Corona argues—as it did before the Secretary—that the temperature fluctuations during transit caused the strawberries' defective condition and their elevated pulp temperatures. In support of its Opposition, Corona has proffered declarations from its President, Jose Corona, and from its Vice President, Gerry Corona. *See* Declaration of Jose Corona; Declaration of Gerry Corona. In addition, Corona has filed several articles and publications that address the handling and shipping of strawberries. *See* Exs. A-D to Pet.'s Opp'n to Mot. Summ. J.

---

[5] In its reparation decision, the Secretary also determined that (1) Class' rejection was procedurally valid; (2) the USDA inspection results established that the strawberry load was defective; and (3) after Class' rejection of the strawberries, Corona did not give Class any instructions as to the disposition of the load and Corona did not make any effort to have the strawberries shipped elsewhere. Corona does not contest these findings of Secretary, therefore they are deemed conclusive. *See Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1033 (D.C. Cir. 1988).

This Court finds that Class has discharged its duty as the party moving for summary judgment, as section 499g(c) of PACA assigns *prima facie* status to findings of fact contained in the Secretary's reparation order. *See Frito-Lay*, 863 F.2d at 1032-33. Corona, on the other hand, has not satisfied its corresponding burden as the non-moving party in this case. *Id.* at 1033-34 (holding that the moving party may obtain entry of summary judgment by relying upon the *prima facie* value of the Secretary's decision unless the non-moving party makes an affirmative showing that there is a genuine issue for trial). The declarations submitted by Corona's principals do not establish that a genuine dispute exists regarding the Secretary's factual findings; instead they merely restate the arguments that are set forth in the Petitioner's brief. The declarations cite the truck's temperature reports in support of the argument that the strawberries' defective condition was due to improper transportation conditions. However, in its Decision, the Secretary reached the opposite conclusion after thoroughly analyzing the same undisputed facts, namely, the truck's temperature reports. Corona could have satisfied its burden of production if it had proffered pre-shipment, handling, or cold storage records indicating that the strawberries at issue were properly handled before shipment. However, Corona failed to produce any evidence concerning the condition of the strawberries prior to loading.[6] Indeed, there is no indication that the declarants ever personally observed the subject strawberries. Finally, Corona's evidentiary deficiency is not remedied by its submission of secondary materials and publications that present general advisory information on strawberry delivery, shipping, and handling practices. Such information does not create an issue of material fact with respect to the particular strawberries at issue in this case.

---

[6] Respondent's expert witness, Dr. Patrick E. Brecht, noted in his expert report that he did not receive any pre-shipment quality, handling, pre-cooling, or cold storage records from Petitioner. *See* Declaration of Dr. Patrick E. Brecht, at 6, 7.

In sum, Corona has failed to demonstrate a material issue of fact regarding the causes of the strawberries' defective condition.[7] With regard to the transportation of the strawberries, Corona's submissions merely rehash its arguments that are based upon the undisputed temperature reports. Similarly, with respect to the pre-loading treatment and condition of the strawberries, Corona merely provides conclusory assertions and generalized statements that do not shed light upon the treatment of the particular strawberries at issue in this case. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts . . . the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" (citations and emphasis omitted)). Accordingly, the Secretary's findings are deemed conclusive, and Class is entitled to entry of summary judgment in its favor.

## CONCLUSION

For the aforementioned reasons, Petitioner's motion to remand is DENIED and Respondent's motion for summary judgment is GRANTED. A separate Order follows.

Date : May 25, 2010  /s/_____
Richard D. Bennett
United States District Judge

---

[7] Corona's opposition brief and submissions do not address—let alone support—the separate contention set forth in its Petition for Appeal that Class improperly withheld proceeds obtained from the resale of the product in Philadelphia.